LEAR, Judge.
This matter grows out of an automobile collision which occurred on a secondary, gravel road located in the northern part of Evangeline Parish at about 9:00 A.M. on May 23, 1966.
Mrs. Elma Randolph, widow, was operating her 1961 Ford Falcon automobile in a northerly direction on said road, having as a guest passenger Mrs. Wilber Johnson, owner of a 1964 Oldsmobile automobile insured by Allstate Insurance Company. At the time of the accident, this automobile was being operated by Raymond P. Man-guno, Jr., age sixteen, with the consent and permission of his father. James Michael Causey, age fourteen, was a guest passenger in the Manguno automobile.
Mr. Raymond P. Manguno, Sr., was the owner of a 1964 Oldsmobile Automobile insured by Allstate Insurance Company. At the time of the accident, this automobile was being operated by Raymond P. Man-guno, Jr., age sixteen, with the consent and permission of his father. James Michael Causey, age fourteen, was a guest passenger in the Manguno automobile.
Alleging the negligence of both Mrs. Randolph and young Manguno, Wilber Johnson and his wife filed suit for community loss and personal injuries, respectively.
Defendant Allstate denied any negligence on the part of young Manguno and, assuming the posture of third party petitioner, alternatively asked for judgment over against Mrs. Randolph and State Farm Mutual Automobile Insurance Company.
State Farm Mutual Automobile Insurance Company denied any negligence on *730 the part of its insured, Mrs. Randolph, and pleaded contributory negligence on the part of Mrs. Wilber Johnson.
In a companion suit Mrs. Randolph sued Allstate Insurance Company for expenses and personal injuries, alleging that the accident was occasioned solely by the negligence of young Manguno. In that matter, Allstate Insurance Company denied the negligence of its insured and alternatively pleaded the contributory negligence of Mrs. Randolph.
The cases were consolidated for the purpose of trial, and after a hearing on the merits judgment was rendered in favor of both plaintiffs and against Allstate Insurance Company only, holding that the accident was occasioned solely by the negligence of Raymond P. Manguno, Jr. (In the principal demand, judgment was given in favor of Mr. and Mrs. Johnson against Allstate only and dismissed the third party demand of Allstate against Mrs. Randolph and her insurer. In the companion case, 208 So.2d 731, judgment was awarded in favor of Mrs. Randolph against Allstate Insurance Company.)
Defendant Allstate perfected appeals to this court.
On the date in question, Mrs. Randolph and Mr. and Mrs. Johnson decided to ride into the country on a berry-picking expedition. For personal reasons of health, Mr. Wilber Johnson decided to drive his personal automobile. Mrs. Randolph and Mrs. Johnson, being sisters-in-law, decided to go in the Randolph car. Mrs. Randolph, who had scouted the area and knew generally where the berries were plentiful, elected to lead the way. After entering the secondary road on which this collision occurred, Mrs. Randolph was interested in finding a small lane leading off of the road into the area of the berry patch. Being interested in the careful and proper operation of her vehicle, she had Mrs. Johnson on the lookout for the lane that she was seeking. After rounding a curve in the road, Mrs. Randolph came upon the entrance of this lane, which led off to her left, but came upon it in such a position that she could not turn into it without bringing her vehicle to a stop and backing up to command sufficient space to negotiate the left turn. She accordingly brought her vehicle to a stop on the right side of the road as close to the small drainage ditch paralleling the roadway as was possible without entering the ditch itself. Mr. Wilber Johnson brought his automobile to a stop immediately in back of Mrs. Randolph, and also on the right side of the road.
Mrs. Randolph motioned to Mr. Johnson to back his automobile down the road so that she in turn could back her car for the purpose of making the above-described left turn.
Mr. Wilber Johnson accordingly backed his automobile approximately SO feet, but backed to the left side of the road and again came to a stop.
Mrs. Randolph then put her vehicle in reverse motion and commenced backing slowly down the gravel road, still on the righthand side and very close to the drainage ditch.
At this time, the Oldsmobile being operated by young Manguno and proceeding in the same direction as the Randolph and Johnson vehicles had originally been proceeding, approached them around the curve in the road situated to their rear. Mr. Johnson, becoming aware of the approach of the Manguno car, called to Mrs. Randolph, whereupon she immediately brought her car to a full stop. Despite the fact that young Manguno does not appear to have been traveling at an excessive speed, the front of his automobile collided with the rear of the Randolph vehicle, causing the damages and injuries complained of herein.
Defendant Allstate Insurance Company argues that the trial judge erred in failing to hold the plaintiff, Mrs. Elma Randolph, guilty of contributory negligence, relying *731 upon Louisiana Revised Statute 32, Section 102, which reads as follows:
“No vehicle shall be turned so as to proceed in the opposite direction upon any curve or upon the approach to or near the crest of a grade where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within five hundred feet.”
Mrs. Randolph was not attempting to turn her vehicle so as to proceed in the opposite direction, and was merely stopped near the ditch on the righthand side of the highway at the time she was struck by the Manguno vehicle.
The trial court concluded that young Manguno either saw or should have seen the two vehicles stationary in the roadway in front of him in ample time to have either brought his vehicle to a stop or to have passed the Randolph automobile on its left. He therefore concluded that the sole and proximate cause of the accident was the improper lookout and control of young Manguno. This conclusion is borne out by all of the evidence adduced and especially that of James Michael Cau-sey, the guest passenger in the Manguno automobile, and this court does not feel constrained to disturb this finding.
The trial court awarded Mr. Wil-ber Johnson the sum of $372.05, which included an expert witness fee in the sum of $50.00. The evidence justifies this award.
The undisputed medical testimony is to the effect that Mrs. Johnson suffered a cervical'- sprain which to some extent aggravated a pre-existing arthritic condition. She was hospitalized for three days in June of 1966 at the Hair and Carlton Clinic in LeCompte, Louisiana, and again for a period of four days in Our Lady of the Lake Hospital in Baton Rouge, Louisiana, the latter hospitalization for neurosurgical diagnosis and treatment.
The district court awarded Mrs. Johnson the sum of $2,500.00 as just compensation for her pain and suffering. Finding no error in such award, this court must affirm.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.